## PLANO MANUFACTURING COMPANY
### v.
## JAMES A. JACKSON.

*Sales—Self-binder—Recovery of Price of—Warranty—Breach—Evidence—Instructions.*

In an action brought to recover the purchase price of a self-binder, this court declines, in view of the evidence, to interfere with the verdict for the defendant.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Vermillion County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. J. B. MANN and E. R. E. KIMBROUGH, for appellant.

Messrs. W. J. CALHOUN and M. W. THOMPSON, for appellee.

CONGER P. J.    This was an action to recover the purchase price of a self-binder reaping machine, sold by appellant to appellee in June, 1888.    The machine was tried in the summer of 1888, and not giving satisfaction, was returned by appellee to appellant's· agent.    In September of the same year, at the request of appellant's agent, appellee again took the machine into his possession, and indorsed upon the back of the original contract an agreement extending the contract one year from the date of purchase, and providing that the machine should have two days trial in the harvest of 1889. Appellee was not satisfied with the working of the machine, and finally returned the machine to the place where it had been bought; but appellant's agent refused to accept it.

A judgment was rendered for appellee for costs, and appellant brings the record to this court for review.

It is insisted the court erred in admitting testimony as to the work of the machine in 1888.

We are inclined to think there was no error in this ruling of the Circuit Court.    While it is true that a new contract was made for 1889, the machine, with some alterations, remained the same during both years, and appellee stated that it worked defectively in the same manner during both years, and the working of the machine during both summers was so connected and so recognized by both parties, and the witnesses, that it was difficult to separate them.    The principal question was whether the defects of the machine that were known and recognized in the year 1888, had been overcome, or avoided, in 1889.    Under the circumstances, we think no wrong was done to appellant in the admission of this evidence.

Evidence was given tending to show that one Bowers was an agent of appellant; that one Rice had a similar machine to that of appellee, and that it worked defectively in the same manner as appellee's machine; that Bowers proposed to

appellee that he would attempt to fix Rice's machine, and said if he could not fix Rice's machine, he could not fix appellee's; that Bowers and appellee met at Rice's, when Bowers attempted to fix Rice's machine, but failed to make it work any better than it did the year before.

It is insisted this was error, first, because it was not shown that Bowers had authority to change the contract between appellant and appellee, and second, because the failure to fix Rice's machine or its defects, could throw no light upon the rights of the parties to this suit.

As to the first objection, we are at a loss to see wherein the evidence tended in any way to change the contract, and as to the second the evidence tended to show that appellant's agent sent to fix appellee's machine, could not, or did not, do so. The agent himself made the question of his ability to fix appellee's machine to turn upon whether Rice's machine could be made to work.

The instructions, both for appellant and appellee, were somewhat faulty in calling the attention of the jury to particular portions of the evidence, but as a whole, they fairly presented the law of the case, and we do not think are subject to the criticism given them by appellant's counsel. Objection is made to the word "tinkering," which appears in the second instruction of appellee, as follows:

"No. 2. The court instructs the jury that if they believe, from a preponderance of the evidence, that the plaintiff had, during the year 1889, reasonable time and opportunity to make the machine work to fulfill the terms of the warranty, but did not do so, then the defendant is not obliged to allow the plaintiff to be repeatedly trying and tinkering with the machine during harvest."

It is insisted that such language "was well calculated to prejudice the jury and raise in their minds the impression that the court regarded the appellant as trying to ask for something improper."

We think the instruction would have been better with the word omitted, but can not believe it produced any such effect upon the minds of the jury as is urged by appellant.

We are entirely satisfied with the conclusion reached by the jury. It is quite apparent that for some reason the machine would not do work, and was not up to the warranty made by appellant.

The judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*